Mark S. Scheffer, Esquire (MSS 139)
LAW OFFICES OF MARK S. SCHEFFER
Identification Nos. 59271
50 West Welsh Pool Road, Suite 1B
Exton, PA 19341-1200
(610) 594-1550

Attorney for Plaintiff

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMMON MIKELL | CIVIL ACTION |
| vs. | NO. |
| MARRIOTT INTERNATIONAL, INC.<br>d/b/a PHILADELPHIA MARRIOTT WEST | JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff Ammon Mikell, is an individual in the Commonwealth of Pennsylvania residing therein at 146 South 60th Street, Philadelphia, PA 19139.

2. Plaintiff is a black male.

3. Defendant, Marriott International, Inc., d/b/a Philadelphia Marriott West, is an entity engaged in an industry affecting commerce with offices located at 111 Crawford Avenue, Philadelphia, PA 19428.

4. The causes of action set forth in this complaint arise under the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 et seq. ("§1981 "), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. '2000e, et seq. ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 et seq. ("PHRA").

5. The District Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 1343 and 1367.

6. At all times material hereto, Defendant acted by and through its authorized agents,

servants, workers and/or employees acting in the scope of their employment with Defendant and in furtherance of Defendant's business.

7. On or about January 22, 2004, Plaintiff filed a complaint against Defendant of discrimination (case number 200304231) with the Pennsylvania Human Relations Commission ("PHRA"), a copy of which was served upon Defendant in February of 2004.

8. Thereafter, Plaintiff filed a separate complaint of race discrimination and retaliation against Defendant in the summer of 2008 (case number 200704772), which was amended several times, and dual-filed with the Equal Employment Opportunity Commission ("EEOC"). A copy of Plaintiff's Second Amended Complaint which was filed with the PHRC is attached hereto as Exhibit "1."

9. The PHRC dismissed case number 200704772 in the summer of 2009.

10. The EEOC issued a Right-to-Sue on this case on or about November 4, 2009.

11. Plaintiff has fully complied with all administrative pre-requisites prior to filing this action.

12. Plaintiff was hired by Defendant on or about October 18, 2000, as a Loss Prevention Officer.

13. In September of 2007, Plaintiff applied for the position of Loss Prevention Supervisor.

14. The Loss Prevention Supervisor position is similar to the position of Loss Prevention Officer and includes the additional duties of supervising the daily operations of the hotel security unit including identifying and/or responding to any and all security related incidents, issues or concerns, and supervising a staff of between 4 and 12 Loss Prevention Officers

15. Plaintiff met all the requirements relating to the posted Loss Prevention Supervisor position, and had been working for almost 7 years for Defendant as a Loss Prevention Officer.

16. In or around October 2007, Plaintiff was told that despite his experience and training, he was not being offered the position of Loss Prevention Supervisor.

17. The position was instead offered to Ellen Abadie, a white female with less experience and training than Plaintiff, and who had actually been trained by Plaintiff.

18. The hiring of Ms. Abadie for this position was discriminatory and/or retaliatory against Plaintiff.

19. Plaintiff was almost subjected to further discriminatory and retaliatory actions of Defendant, including being issued a series of written warnings and counselings, most of which were subsequently withdrawn.

20. On or about June 20, 2008, Plaintiff was suspended with intent to terminate.

21. On or about July 15, 2008, Plaintiff was terminated.

22. Plaintiff's termination was motivated, at least in part, by Plaintiff's race and/or his opposition and objection to race discrimination.

## COUNT I – SECTON 1981

23. Plaintiff incorporates herein by reference paragraphs 1 through 22 above as if set forth herein in their entirety.

24. Defendant, by the above discriminatory and wrongful acts, has violated §1981.

25. As a direct and proximate result of Defendant's violation of §1981, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

## COUNT II - TITLE VII

26. Plaintiff incorporates herein by reference paragraphs 1 through 25 above as if set forth herein in their entirety.

27. Defendant, by the above discriminatory and wrongful acts, has violated Title VII.

28. As a direct and proximate result of Defendant's violation of Title VII, plaintiff has sustained the injuries, damages and losses set forth herein.

## COUNT III - PHRA

29. Plaintiff hereby incorporates by reference Paragraphs 1 through 28 above as if set forth herein in their entirety.

30. Defendant, by the above discriminatory and wrongful acts, has violated the PHRA.

31. As a direct and proximate result of Defendant's violation of the PHRA, as set forth above, Plaintiff has sustained the injuries, damages and losses set forth herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) Declaring Defendant's actions in violation of §1981, Title VII, and the PHRA;

(b) Awarding Plaintiff reinstatement to an appropriate position with Defendant;

(c) Awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's improper and discriminatory treatment, including, but not limited to, past and future wages, lost earning capacity, pension and other lost benefits;

(d) Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(e) Awarding Plaintiff's costs of this action, together with reasonable attorney's fees;

(f) Awarding Plaintiff punitive damages and such other damages as are appropriate under §1981, Title VII and the PHRA; and,

(g) Granting such other and further relief as the court deems appropriate.

Respectfully submitted,

Dated: 1/29/2010

*/s/ Mark S. Scheffer*
Mark S. Scheffer, Esquire (MSS 139)
LAW OFFICES OF MARK S. SCHEFFER
50 West Welsh Pool Road, Suite 1B
Exton, PA 19341
Attorney for Plaintiff

Exhibit 1

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

Ammon Mikell,
    Complainant

v.

    : PHRC Case No. 200704772
    : EEOC No. 17F200862272

Philadelphia Marriott West,
    Respondent

## Second AMENDED COMPLAINT

### JURISDICTION

1. Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§951-963.

### PARTIES

2. The Complainant herein is:

    Ammon Mikell
    146 South 60th Street
    Philadelphia PA 19139

3. The Respondent herein is:

    Philadelphia Marriott West
    111 Crawford Avenue
    Conshohocken PA 19428

## UNDERLYING FACTS

4. I began my employment with the respondent during October 2000.

5. My job title is Loss Prevention Officer.

### Count 1

**Promote (failure to)**          **Multiple Class - Discrimination**

6. Paragraphs 1 through 5 are incorporated herein by reference as though set forth in full.

7. My protected class is Multiple Class, African American Male.

8. During September 2007, I applied for the Loss Prevention Supervisor position.

9. I knew the position was available through a co-worker.

10. The requirements were a combination of experience and training.

11. I was qualified because I met all requirements and had preferred experience.

12. During October 2007, I was told that I was not the successful candidate.

13. The successful candidate was Ellen Abadie (Caucasian Female).

14. She was hired "off the street" and I had to train her.

15. Based upon the foregoing, I allege that the respondent violated Section 5(a) of the Pennsylvania Human Relations Act 43 P.S. 951-963.

16. The Complainant prays that the respondent be required to provide all appropriate remedies under § 9 of the Pennsylvania Human Relations Act.

## Count 2

**Discharge**                                **Retaliation - Discrimination**

17. Paragraphs 1 through 16 are incorporated herein by reference as though set forth in full.

18. During January 2004, I filed PHRC complaint #200304231 against the respondent.

19. Management was served with my complaint.

20. Since Ellen Abide became the Loss Prevention Supervisor, I feel the upper management is using her to harass me, for example, during October 2007, I was issued several written warnings which most were later removed.

21. During November 2007, I was issued a counseling memo for allegedly being rude to a guest. This was later removed.

22. During December 2007, I was given a counseling memo for doing something not on my job description but was told to do it by my General Manager.

23. During March 2008, I had several unannounced visits from Ms. Abide and Tom Logan, Assistant General Manager.

24. On June 20, 2008, I was suspended with intent to terminate. On July 15, 2008, I was told that I was terminated.

25. I believe the Respondent's actions were retaliatory because no other Security Officer is scrutinized as much as me. I was the employee who complained about discriminatory treatment.

26. Based upon the foregoing, I allege that the respondent violated Section 5(d) of the Pennsylvania Human Relations Act 43 P.S. 951-963.

27. The Complainant prays that the respondent be required to provide all appropriate remedies under § 9 of the Pennsylvania Human Relations Act.

## Count 3

**Hire (refusal to)**          **Retaliation - Discrimination**

28. Paragraphs 1 through 27 are incorporated herein by reference as though set forth in full.

29. On or about April 2008, I applied and was rejected for a Server position. I knew the position was open because it was posted and I was advised by a co-worker that the Respondent was hiring.

30. I believe the Respondent's actions were retaliatory because of the previous PHRC complaints I filed against the Respondent.

31. I do not believe my application was judged on its merits, rather the Respondent saw it was me and rejected it out of hand.

32. Based upon the foregoing, I allege that the respondent violated Section 5(d) of the Pennsylvania Human Relations Act 43 P.S. 951-963.

33. The Complainant prays that the respondent be required to provide all appropriate remedies under § 9 of the Pennsylvania Human Relations Act.

## DUAL FILING

34. This charge has been filed with the U.S. Equal Employment Opportunity Commission.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 PA.C.S. § 4904, relating to unsworn falsification to authorities.

__10/02/08_____          _____Ammon Mikell_____
(Date Signed)                                                             Ammon Mikell